UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          CIVIL ACTION NO. 2:19-cv-00347

THE SUM OF $9,139.00 IN UNITED STATES CURRENCY

        Defendant.

### VERIFIED COMPLAINT OF FORFEITURE

Comes now, the United States of America ("Plaintiff"), by and through its attorneys, Michael B. Stuart, United States Attorney for the Southern District of West Virginia, and Christopher R. Arthur, Assistant United States Attorney for the Southern District of West Virginia, and respectfully brings this Verified Complaint and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1. This is a civil action <u>in rem</u> brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983(a), to

1

enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of a certain sum of currency constituting proceeds of, or which was used or intended to be used in any manner or part to commit or to facilitate the commission of one or more violations of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

## THE DEFENDANT IN REM AND POTENTIAL INTERESTED PARTIES

2. The defendant property consists of $9,139.00, more or less, in United States Currency. The above item was seized on or about September 27, 2018, from the possession of Stephanie Lawhorn ("Lawhorn") in Lawhorn's 2003 Dodge Durango, VIN #1D4HS38N03467, when Lawhorn was pulled over for a traffic violation in Belle, West Virginia 25015.

3. The defendant currency is being forfeited under 21 U.S.C. § 881(a)(6) in violation of 21 U.S.C. § 841.

4. The above-described seized currency is in the custody of the Belle Police Department in Belle, West Virginia.

## JURISDICTION AND VENUE

5. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district.

7. Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which the plaintiff will execute upon the seized currency in the custody of the United States Marshal Service, pursuant to Supplemental Rule G(3)(c).

## FACTS

8. On September 27, 2018, law enforcement observed Lawhorn weaving in and out of her lane, and also crossing the right fog line.

9. Lawhorn admitted she was driving without a valid license, and she further admitted that she smoked marijuana

approximately 2 hours before the stop. Law enforcement detected the smell of marijuana coming from inside the car.

10. Law enforcement contacted the K-9 unit, and the K-9 detected illegal substances inside the car.

11. Law enforcement searched the vehicle and recovered the following:

(a) approximately 14.998 grams of fentanyl, a schedule II controlled substance;

(b) approximately 121 grams of methamphetamine, a schedule II controlled substance; and

(c) approximately 53.13 grams of marijuana, a schedule I controlled substance.

16. Upon information and belief, Lawhorn had been selling illegal drugs for a number of years.

17. Upon information and belief, Lawhorn has no other sources of income, except selling illegal substances like fentanyl, methamphetamine, and marijuana.

18. For the foregoing reasons, the defendant currency is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(6), because it constitutes proceeds of the illegal sale of controlled substances, specifically methamphetamine, a Schedule II controlled substance.

4

WHEREFORE, the United States prays that process of warrant <u>in rem</u> issue for the arrest of the defendant currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency be forfeited to the United States for disposition according to law; and that the United States be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: /s/Christopher R. Arthur
CHRISTOPHER R. ARTHUR
Assistant United States Attorney
WV State Bar No. 9192
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200

## VERIFICATION

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, TO-WIT:

I, L.W. Holeston, a patrolman with the Belle Police Department, declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on April 30, 2019.

_____
L.W. HOLESTON

Taken, subscribed and sworn to before me this 30th day of April, 2019.

_____
Notary Public

My commission expires on July 31, 2020.



# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
The sum of $9,139.00 in United States Currency

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Kanawha
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
Forfeiture or drug proceeds

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 05/01/2019

SIGNATURE OF ATTORNEY OF RECORD: /s/ Christopher R. Arthur

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT  _____   APPLYING IFP  _____   JUDGE  _____   MAG. JUDGE  _____